UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| JOHN H. BECKER et al., | ) | |
| Plaintiffs, | ) | |
|  | ) | 3:10-cv-00533-RCJ-VPC |
| vs. | ) | |
| FIRST HORIZON HOME LOAN CORP. et al., | ) | **ORDER** |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona, and although there is a fraud claim against the lender, the case does not appear eligible for transfer because the alleged fraud is not based on the MERS system. Two motions to dismiss are pending before the Court. For the reasons given herein, the Court grants them in part and denies them in part.

**I.     THE PROPERTY**

John H. and Soledad T. Becker gave First Horizon Loan Corp. ("First Horizon") a $330,650 promissory note, secured by a deed of trust ("DOT"), to purchase real property at 1249 Turnberry Dr., Sparks, NV 89436 (the "Property"). (*See* DOT 1–3, Apr. 19, 2005, ECF No. 1-4, at 35). First American Title Co. of Nevada ("First American") was the trustee. (*See id.* 2). Plaintiffs defaulted, and UTLS Default Services, LLC ("UTLS") filed the Notice of Default ("NOD"). (*See* NOD, Feb. 9, 2010, ECF No. 1-4, at 54). No Substitution of Trustee appears in

the record.

Foreclosure may have been statutorily invalid due to the filing of the NOD by a party that was neither the lender, assignee, original or subsequent trustee, or an agent of such an entity. *See* Nev. Rev. Stat. § 107.080(2)(c). In the motions to dismiss, Defendants provide no evidence of substitution of the original trustee (First American) or of UTLS' agency for the lender or subsequent assignee. Defendants MetLife and First Horizon separately adduce copies of the promissory note, but this does nothing to cure what appears to have been a statutorily defective foreclosure.

## II.  ANALYSIS

### A.  Rule 12(b)(6) Standards

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

1  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
2  is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v.*
3  *Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

4  "Generally, a district court may not consider any material beyond the pleadings in ruling
5  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
6  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
7  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
8  whose contents are alleged in a complaint and whose authenticity no party questions, but which
9  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
10 motion to dismiss" without converting the motion to dismiss into a motion for summary
11 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule
12 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
13 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
14 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
15 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
16 Cir. 2001).

17 **B.   The Complaint**

18 Plaintiffs list six claims: (1) Violation of NRS Section 107.080; (2) Fraud in the
19 Inducement; (3) Unjust Enrichment; (4) Breach of the Implied Covenant of Good Faith and Fair
20 Dealing and Interference with Contractual Relations; (5) Slander of Title; and (6) Reformation,
21 declaratory and injunctive relief.  The sixth claim is a list of requested measures of relief and not
22 a separate claim.  Only the first and fourth claims survive the motion to dismiss.

23 Fraud in the inducement is a defense to a breach of contract action, not an independent
24 cause of action.  Insofar as Plaintiffs allege common law fraud, that claim is barred by the statute
25 of limitations, because the contracts were entered into in April 2005, and the present suit was

filed over three years later in 2010. *See* Nev. Rev. Stat. § 11.190(3)(d).  Moreover, Plaintiffs allege failure to disclose that the loan was a "sub-prime loan."  The terms of the thirty-year, fixed-rate (6.75%) loan were clearly disclosed and were not complex.  The allegation that the inner workings of the secondary mortgage market were not explained to Plaintiffs is irrelevant, because this is not alleged to have affected the terms of the loan.  The "true terms of the loan" were not concealed.

Next, an unjust enrichment claim does not lie where a contract governs the relationship between the parties, as here. *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977).

Next, Plaintiffs allege MetLife told Plaintiffs to default so that they could obtain a modification.  Plaintiffs allege MetLife had no intention of granting a modification but intended to foreclose as soon as there was a default, while making Plaintiffs think a modification was possible.  Although MetLife cannot have interfered with its own relationship with Plaintiffs, and the interference claim is therefore implausible, Plaintiffs have sufficiently alleged bad faith or promissory estoppel under the contract (the DOT).  The beneficiary of the DOT is alleged to have been MetLife at the time of foreclosure. MetLife may not have violated the letter of the DOT in foreclosing, but if MetLife induced Plaintiffs to default under the DOT by giving them the expectation of entering into modification negotiations in good faith with a hidden intention to foreclose, this could constitute perfidious behavior under the DOT supporting a bad faith contractual breach.  Because the lender is not a fiduciary, however, there is no tort claim for bad faith.

Finally, the slander of title claim is implausible.  Plaintiffs claim Defendants knew or should have known Plaintiffs owed no money on the note.  But elsewhere, Plaintiffs admit default.  The wrong entity may have foreclosed under the statute, but there is no false claim of default.

At oral argument, Defendants focused heavily on the fact that Plaintiffs affirmatively

allege in the Complaint that MetLife is the current beneficiary.  However, Defendants never addressed the lack of any evidence of UTLS' substitution as trustee or other agency for MetLife when UTLS filed the NOD, leaving a question of fact as to whether foreclosure was statutorily invalid.  *See* Nev. Rev. Stat. § 107.080(2)(c).

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 16, 17) are GRANTED in part and DENIED in part.  All claims are dismissed except those for injunctive relief based on statutorily defective foreclosure under NRS section 107.080(2)(c) and contractual breach of the implied covenant of good faith and fair dealing.  Plaintiffs may also amend to add a claim for promissory estoppel.

IT IS SO ORDERED.

Dated:  This 30th March, 2011.

_____
ROBERT C. JONES
United States District Judge